## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **Steven M. Ford,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-1022-DDC-GEB** |
| | ) | |
| **Sherwin-Williams,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Plaintiff Steven M. Ford's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) ("Motion") (**ECF No. 5**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in a civil action.[2] The Court, in its discretion, evaluates multiple factors when deciding whether to request an attorney for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[3] *Jackson*, 2014 WL 494789, at *1.
[4] *Castner*, 979 F.2d at 1422.

1

appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[5] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is also very important.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his Motion to Proceed *in forma pauperis*, with Affidavit of Financial Status.[8]

Plaintiff does not satisfy the second factor. His motion does not demonstrate sufficient efforts to obtain counsel. On the form, Plaintiff lists only one law firm and provides very sparse information. One of the attorney's is only identified by a first name. And Plaintiff provides no information about the date of contact for three of his "contacts." Plaintiff also fails to list the method of contact and the name of the attorney contacted for

---

[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson*, 2014 WL 494789, at *3.
[7] *Id.,* at *2.
[8] ECF No. 4-2, *sealed*.

the firm listed. The Court is hopeful with time and diligence, Plaintiff may secure an attorney to represent him.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The undersigned has reviewed the allegations of Plaintiff's Complaint and has granted him the ability to proceed without payment of the filing fee in this employment discrimination matter (ECF No. 14). And while the Court reviewed Plaintiff's Complaint in order to grant the Motion per 28 U.S.C. § 1915, the merits of Plaintiff's claims have yet to be addressed by Defendant. The third factor does not weigh in favor of appointment at this time.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. Plaintiff filed eight Motions before his Motion to Proceed without Payment of the Filing Fee (ECF No. 4) was granted. There is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. Plaintiff's filings reflect clear understanding of court rules and procedures to date.

The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[9] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[10] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order

---

[9] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[10] *Id.*

3

to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[11]

For the reasons outlined above, **IT IS ORDERED** Plaintiff Steven M. Ford's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) (**ECF No. 5**) is **DENIED without prejudice as to refiling** if the case continues to go forward.

**IT IS SO ORDERED.**

Dated this 12th day of May 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[11] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).