IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN M. FORD,

    Plaintiff,

v.

SHERWIN-WILLIAMS,

    Defendant.

Case No. 25-1022-DDC-GEB

## MEMORANDUM AND ORDER

Before the court are two motions filed by plaintiff Steven M. Ford in his employment discrimination lawsuit. Mr. Ford filed a Motion for Temporary Restraining Order (Doc. 38), which the court denies. He also filed a Motion for Leave to Supplement Temporary Restraining Order (Doc. 40), which the court grants.[1] The court begins with the legal standard for granting a temporary restraining order (TRO).

Because Mr. Ford appears pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of Mr. Ford's advocate. *Id.*

**I.    Motion for Temporary Restraining Order (Doc. 38)**

    **A.    Legal Standard**

A party seeking a TRO must show: (1) that he's substantially likely to succeed on the merits; (2) that he will suffer irreparable injury if the court denies the requested relief; (3) that his

---

[1] The court grants the motion solely because Mr. Ford's new arguments and allegations don't change the court's decision to deny his Motion for Temporary Restraining Order (Doc. 38). So, the court, when it evaluated Mr. Ford's request for a TRO, included Doc. 40 and its attached exhibits.

threatened injury without the restraining order outweighs the opposing party's injury under the restraining order; and (4) that the requested relief is not adverse to the public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019).

A plaintiff seeking preliminary relief must make a "clear and unequivocal showing" on all four requirements. *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021) (quotation cleaned up). And, in our Circuit, when "the failure to satisfy one factor is dispositive, a court need not consider the other factors" for preliminary relief. *Id.* at 890 (declining to consider the remaining factors where plaintiffs failed to show irreparable harm). The decision whether to issue "a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court." *Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 906 (D. Kan. 1995). At the preliminary relief stage, the court "need only accept as true plaintiff's 'well-pleaded factual contentions, not his conclusory allegations.'" *Strope v. McKune*, No. 03-3310-JAR, 2006 WL 83115, at *1 (D. Kan. Jan. 4, 2006) (quoting *Hall*, 935 F.2d at 1110 and applying the rule on preliminary injunction motion).

**B.      Analysis**

Mr. Ford argues he's likely to succeed on the merits of an Americans with Disabilities Act (ADA) retaliation and harassment claim. Doc. 38 at 1. And he argues irreparable harm in the form of physical assault and denied access to court systems. *Id.* Elsewhere, he argues an unidentified actor has made "system-level changes in his Windows Firewall settings" without his consent. Doc. 40 at 2; Doc. 41-1 (example screenshot of alleged unauthorized changes). Mr. Ford asserts the balance of equities tips in his favor—he's "a homeless and indigent pro se litigant" and defendant is "a large national corporation that will suffer no harm from a narrowly

tailored TRO." Doc. 38 at 2. And Mr. Ford argues the public interest "is served by preserving ADA protections and the right of citizens to seek redress in court." *Id.*

The court addresses just one element—irreparable harm—and thus denies Mr. Ford's bid for preliminary relief. Mr. Ford has failed to show he will face irreparable injury if the court denies his requested relief. Mr. Ford alleges irreparable harm because he was "physically assaulted twice" and was "denied reliable access to court systems[.]" Doc. 38 at 1. In light of these serious allegations, the court convened a status conference on June 20, 2025. At the conference, Mr. Ford described past physical assault by a third party that he attributes—albeit indirectly—to defendant. And he explained that he isn't receiving PACER notifications. Mr. Ford also alleges, generally, "repeated acts of harassment[.]" Doc. 40 at 2. But, as the court emphasized at the status conference, Mr. Ford's allegations don't show a risk of future injury caused by defendant if the court denied the motion. And absent that risk of future injury, the court can't issue a TRO. *Dunlap v. Nielsen*, No. 16-cv-2400-JAR-TJJ, 2016 WL 11200091, at *1 (D. Kan. June 10, 2016) (denying TRO motion because motion and verified complaint fail "to allege specific facts that show [plaintiff] will suffer immediate and irreparable injury if the Court declines to issue a temporary restraining order").

The court thus denies Mr. Ford's Motion for Temporary Restraining Order (Doc. 38).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Temporary Restraining Order (Doc. 38) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Supplement Temporary Restraining Order (Doc. 40) is granted.

**IT IS SO ORDERED.**

**Dated this 2nd day of July, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
