UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN M. FORD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-1022-DDC-GEB |
| | ) |
| SHERWIN-WILLIAMS | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on four of Plaintiff's Motions. They are: 1) Motions for Reconsideration (ECF Nos. 31 & 32); 2) Motion to Submit Email Messages (ECF No. 33); and 3) Motion to Recuse (ECF No. 34). For the reasons outlined below, the Court **DENIES** Plaintiff's Motions **(ECF Nos. 31-34)** and defers scheduling of this matter until resolution of the pending Motion to Dismiss (ECF No. 47) and Motion for Default Judgment (ECF No. 52) by the District Judge.

**I.     Background**

At the outset, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") which was granted, after Plaintiff supplemented his original Complaint on April 1, 2025 (ECF No. 11), on May 8, 2025 (ECF No. 14). Upon screening of the Complaint and Supplement, and as far as the Court can discern, Plaintiff makes a claim for employment discrimination based on Title VII of the Civil Rights Act of 1964 ("Title VII") alleging a hostile work environment, retaliation, intentional infliction of emotional distress, and

1

negligence due to an alleged assault (ECF No. 1). Before Defendant executed their Summons and filed an Answer, Plaintiff filed four discovery motions and requested a discovery conference (ECF Nos. 9, 10, 12, & 13).  The Court denied those motions as premature (ECF Nos. 15 & 16).

On May 9, 2025, Defendant was served with the Complaint through the United States Marshal Service. Plaintiff also filed an Affidavit of Service on May 23, 2025, but Defendant was not served with Plaintiff's Supplement to his Complaint. Defendant entered their appearance on May 29, 2025 and immediately moved for a 30-day extension of time to answer, indicating additional time was needed to investigate the allegations in the Complaint and Supplement and prepare for the necessary responsive submissions. The Defendant further indicated a lack of successful efforts at conferral with Plaintiff, and represented to the Court the Motion could be construed as unopposed (ECF No. 27). Because an initial request for additional time to answer a Complaint is not atypical, regardless of whether it is opposed, the Court in its' discretion deemed Defendant's explanation supported a finding of good cause for extension (ECF No. 28).

Unfortunately, the Court's ruling in this regard resulted in Plaintiff's ire, in that Plaintiff is seemingly upset by the additional delay in the case. As a result, he hastily filed the instant four motions for reconsideration, submission of evidence, and recusal to oppose the 30-day extension granted. Defendant filed no response to these four motions, but did file a Motion to Dismiss by their adjusted answer deadline on June 26, 2025 (ECF No. 47). Plaintiff's Motions are ripe for determination.

**II.    Motions for Reconsideration (ECF Nos. 31 & 32) and Motion to Submit Email Messages (ECF No. 33)**

In two separate motions, Plaintiff seeks reconsideration of the Court's May 30, 2025 Order (ECF No. 28), and contends he was denied an opportunity to respond to the Defendant's Motion for Extension of Time before the Court granted it (ECF No. 31 at 2). He requests the Court find the Defendant's notice of the motion was improperly served and either vacate the Order (ECF No. 28) or issue an order limiting any further delay and preventing any destruction or tampering of evidence (ECF No. 32 at 2). Further in support of these motions, Plaintiff filed a Motion to Submit Email Messages (ECF No. 33) allegedly to "support Plaintiff's claims regarding irregularities in Defendant's communications and potential evidentiary tampering" (ECF No. 33).

Although the Federal Rules of Civil Procedure do not address motions for reconsideration,[1] the standard is well-established.  Under D. Kan. Rule 7.3, a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Reconsideration is

> only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. . . .[2]  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to

---

[1] *See Quality Time, Inc. v. W. Bend Mut. Ins. Co.,* No. 12-1008-JTM, 2013 WL 257074, at *1 (D. Kan. Jan. 23, 2013) (citing *Warren v. Am. Bankers Ins.,* 507 F.3d 1239, 1243 (10th Cir.2007)).

[2] *Tomelleri v. MEDL Mobile, Inc.*, No. 14-2113-JAR, 2015 WL 5098248, at *1 (D. Kan. Aug. 31, 2015) (citing *Turner v. Nat'l Council of State Bds. of Nursing, Inc.,* No. 11–2059–KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013); *Comeau v. Rupp,* 810 F. Supp. 1172, 1174–75 (D. Kan.1992)).

reconsider.³  Whether to grant a motion to reconsider is left to the Court's discretion.⁴

Further, the Court is mindful of considerations for unrepresented parties. "'A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' but the court will not 'assume the role of advocate for the pro se litigant.'"⁵ Pro se litigants must still follow all Federal Rules of Civil Procedure and District of Kansas Local Rules.⁶

The Court affirms its' finding of good cause for extension of time to answer. Plaintiff makes no new argument based in law or fact to apply a different legal standard to the question of an extension of time for answer. Admittedly, best practice would have been to consider Plaintiff's response. But even if the Court had considered Plaintiff's current arguments against extension at the time it was granted, the Court would have then, and does again now, find good cause for extension. When parties move for an extension of time to answer ahead of the deadline, the party must demonstrate good cause.⁷ As previously found, there is good cause for extension of time to answer where a 30-day extension is not, in the eyes of this Court, considered an undue delay of the case. Further, the request was Defendant's first, and only, request for extension. The extension has not prejudiced Plaintiff's claims, even with Plaintiff's bald accusations of evidence spoilation. The

---

³ *Id.* (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.,* 370 F. Supp. 2d 1130, 1132 (D. Kan.2005)).
⁴ *Id.* (citing *Hancock v. Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988); *Shannon v. Pac. Rail Servs.,* 70 F. Supp. 2d 1243, 1251 (D. Kan.1999) (internal citation omitted)).
⁵ *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).
⁶ *Beams v. Norton*, 335 F. Supp. 2d 1135, 1139 (D. Kan. 2004), *aff'd*, 141 Fed. Appx. 769 (10th Cir. 2005) (unpublished).
⁷ *Sperry v. Werholtz*, No. 04–3125–CM, 2008 WL 941634, at *2 (D. Kan. Apr. 7, 2008).

litigants are already under obligations to preserve all evidence potentially relevant to this action.[8] And Defendant has now filed a responsive pleading (ECF No. 47). Plaintiff has also filed additional motions, as well as responded in opposition to Defendant's Motion to Dismiss (ECF No. 49). Thus, Plaintiff is proceeding with litigating his case and was not prejudiced by the 30-day extension. As such, the Court denies Plaintiff's Motions for Reconsideration (ECF Nos. 31 & 32) and declines to vacate the Order (ECF No. 28).

In addition, Plaintiff's Motion to Submit Email Messages (ECF No. 33) is both moot and premature. Where Plaintiff seeks to submit evidence regarding a lack of notice of Defendant's Motion for Extension of Time, the Court has declined to reconsider its' prior ruling on that motion, making Plaintiff's Motion moot. As far as the Motion seeks to support any alleged claims of evidence tampering, discovery of evidence has yet to begin in this matter, making the Motion also premature. Thus, Plaintiff's Motion to Submit Email Messages (ECF No. 33) is denied as both moot and premature.

### III.   Motion to Recuse (ECF No. 34)

Plaintiff's Motion asserts the undersigned Magistrate Judge should recuse herself from this case due to the appearance of impartiality and partiality under 28 U.S.C. §§ 144 and 455 when she granted a 30-day extension to Defendant to respond to Plaintiff's Complaint, without hearing from Plaintiff (ECF No. 34). Plaintiff then filed two "declaration[s]" in support of this Motion (ECF Nos. 35 & 36) challenging any stance the extension was granted as a "convenience to Plaintiff" and asserting the extension

---

[8] *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 139 F.3d 912, 1998 WL 68879, *5 (10th Cir. 1998).

5

demonstrated favoritism to Defendant (ECF No. 35 at 1-2; ECF No. 36 at 2). The undersigned disagrees.

Two statutes govern recusal of a judge, 28 U.S.C. §§ 144 and 455. Section 455(a) requires any "justice, judge, or magistrate judge of the United States" to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." It requires "disqualification for the appearance of impartiality, whereas § 455(b)(1) requires disqualification for actual partiality."[9] "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[10] The litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[11] "But § 455(a) must not be construed so broadly that it mandates recusal based on unsubstantiated suggestions of bias."[12]

And, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is."[13] Adverse judicial rulings "almost never constitute a valid basis for a bias or partiality motion."[14] "When no extrajudicial source is relied upon as grounds for recusal, 'opinions formed by the judge

---

[9] *Mead v. Huff,* No. 21-4092-HLT, 2022 WL 1014775, at *1 (D. Kan. Apr. 5, 2022) (citing *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019)).
[10] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).
[11] *Allen v. Evergy, Inc.,* No. 21-4068-KHV, 2021 WL 5161748, at *1 (D. Kan. Nov. 5, 2021) (citing *Zhu v. Johns*, No. 07-4001-KHV, 2007 WL 4561526, at *1 (D. Kan. Dec. 21, 2007)).
[12] *Mead*, at *2 (citing *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993)).
[13] *Allen,* at *2 (citing *Hinman,* 831 F.2d at 939 (10th Cir. 1987)).
[14] *Allen,* at *2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). *See also Glass v. Pfeffer,* 849 F.2d 1261, 1268 (10th Cir. 1988) (citing *United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976)); *Smith v. Halford,* 570 F.Supp. 1187, 1189 (D. Kan. 1983) (citing *United States v. Goeltz,* 513 F.2d 193 (10th Cir.), *cert. denied* 423 U.S. 830 (1975)).

on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"[15] No instance warranting recusal exists in this case.

Recusal is not valid based on Plaintiff's ire of the undersigned's grant of a 30-day extension of time to Defendant. When parties move for an extension of time to answer ahead of the answer deadline, the party must demonstrate good cause.[16] The undersigned applied a good cause standard to grant a reasonable 30-day extension to Defendant for answer. In retrospect, had Plaintiff advanced the arguments he now brings forth in opposition to Defendant's request for an additional 30 days to answer, in all likelihood, the outcome would have been substantially similar, if not exactly the same.

Additionally, the language about convenience to Plaintiff was merely regarding the Court again mailing all prior orders to Plaintiff, per its' Order (ECF No. 29), to cure Plaintiff's concerns he missed prior notices from the Court, not regarding the grant of extension. Application of a good cause standard to a grant of extension and mailing for a second time all prior notices to accommodate Plaintiff, is hardly the type of deep-seated favoritism or antagonism contemplated by the above statutes. Thus, the undersigned is void of obligation to recuse in this matter, declines to do so, and Plaintiff's Motion for Recusal is denied.

---

[15] *Allen*, at *2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).
[16] *Sperry*, 2008 WL 941634, at *2.

Defendant was strongly encouraged to adhere to the Local Rule regarding seeking extensions three days prior to the due date of applicable pleadings (ECF No. 28).  And, after the grant of additional time, Defendant timely responded to Plaintiff's Complaint by the filing of a Motion to Dismiss. The undersigned believes granting the Defendant's request for additional time to answer was fair and warranted at this stage of the proceedings.

**IT IS THEREFORE ORDERED.** Plaintiff's Motions for Reconsideration **(ECF Nos. 31 & 32)** are **DENIED** and Plaintiff's Motion to Submit Email Messages **(ECF No. 33)** is **DENIED** as moot and premature.

**IT IS FURTHER ORDERED.** Plaintiff's Motion for Recusal **(ECF No. 34)** is **DENIED.**

**IT IS FURTHER ORDERED.** The Fed. R. Civ. P. 16 Scheduling Conference is deferred until the Motion to Dismiss (ECF No. 47) and Motion for Default Judgment (ECF No. 52) have been decided by the District Judge.

**IT IS FURTHER ORDERED.** Any additional motions filed ahead of the resolution of the pending Motion to Dismiss (ECF No. 47) and Motion for Default Judgment (ECF No. 52) will be summarily denied.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of July 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
