## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVEN M. FORD,<br><br>                                       Plaintiff,<br><br>v.<br><br>SHERWIN-WILLIAMS,<br><br>                                       Defendant. | Case No. 25-1022-DDC-GEB |

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Steven M. Ford has sued defendant Sherwin-Williams. He alleges that defendant violated Title VII and committed a series of state-law torts in the course of his employment. Though the theory of plaintiff's case is relatively simple, this case's docket has ballooned, in part due to plaintiff's prolific filing. This Order addresses defendant's pending Motion to Dismiss (Doc. 47) and a handful of plaintiff's pending motions. The court leaves another handful of plaintiff's motions for another day. The court starts with an overview of plaintiff's allegations.

### I.      Background

The court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to [plaintiff], the non-moving party." *Purgatory*

---

[1]      Plaintiff proceeds pro se. The court construes plaintiff's filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

*Recreation I, LLC v. United States*, 157 F.4th 1173, 1182 (10th Cir. 2025) (quotation cleaned up).[2]  The following allegations come from plaintiff's Complaint (Doc. 1) and his charge of discrimination (Doc. 1-1), which plaintiff attached to the Complaint.  *See Hall*, 935 F.2d at 1112 ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal."); *Andrews v. Eaton Metal Prods, LLC*, No. 20-cv-00176-PAB-NYW, 2020 WL 5821611, at *1 n.1 (D. Colo. Sept. 8, 2020) (liberally construing plaintiff's complaint to include allegations in EEOC charge), *report and recommendation adopted*, 2020 WL 5815059 (D. Colo. Sept. 30, 2020).

Defendant hired plaintiff as a maintenance technician in March 2023.  Doc. 1 at 2 (Compl. ¶ 7); Doc. 1-1 at 2.  Plaintiff alleges that a supervisor, Cale Ross, began harassing him in August 2023.  Doc. 1 at 2 (Compl. ¶ 8); Doc. 1-1 at 2.  Ross made inappropriate comments,

---

[2]     The court must resolve a preliminary issue:  What is the operative pleading?  Plaintiff filed his Complaint (Doc. 1) in February 2025.  Two months later, without leave or right, plaintiff filed a Supplemental Complaint (Doc. 11).  On these procedural facts, the operative pleading is the Complaint (Doc. 1), and the court considers that pleading—and that one alone—when deciding defendant's pending Motion to Dismiss.  "Piecemeal submissions" of pleadings—like plaintiff attempts here—"violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief."  *Herrera v. Maddox Mgmt., LLC*, No. 25-cv-00658 KWR/JMR, 2025 WL 3296013, at *8 (D.N.M. Nov. 26, 2025); *see also Ross v. Peterson*, No. 25-3105-JWL, 2025 WL 1634965, at *1 (D. Kan. June 9, 2025) (explaining that our court does "not permit piecemeal pleading").  Because plaintiff filed his Supplemental Complaint (Doc. 11) without leave or right, the court directs the Clerk to strike it.  *See Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2017 WL 2264357, at *2 (D. Kan. May 24, 2017) (compiling cases and explaining that our "court routinely strikes amended pleadings that parties have filed without first seeking and procuring the requisite leave of court").  The court thus limits its review to plaintiff's Complaint (Doc. 1) (and the exhibits attached to it).  If plaintiff wishes to amend his allegations, he must comply with the governing rules.  *See* Fed. R. Civ. P. 15; D. Kan. Rule 15.1.  And the court cautions plaintiff.  An "amended complaint is not simply a supplement to the original complaint; instead the amended complaint completely supersedes the original complaint."  *Garcia v. Centurion*, No. 24-3008-JWL, 2024 WL 263174, at *6 (D. Kan. Jan. 24, 2024).

The court recognizes that, at times, both defendant and Magistrate Judge Birzer have suggested that the Supplemental Complaint is operative.  *See* Doc. 27 at 1 (defendant asserting that it "views this supplement as an Amended Complaint"); Doc. 56 at 1 (Magistrate Judge Birzer describing the "screening of the Complaint and Supplement").  But these views don't bind the court's review of the current motion.  To reiterate, plaintiff had no right to file an amended pleading when he submitted the Supplemental Complaint.  And he never sought leave.  The court thus won't consider it.

physical advances, and explicit suggestions to plaintiff.  Doc. 1 at 2 (Compl. ¶ 8).  Ross also assaulted plaintiff on company property by throwing a box of tissues at plaintiff and striking him in the face with it.  *Id.* (Compl. ¶ 15); Doc. 1-1 at 2.  Plaintiff reported this alleged assault and sexual harassment to another supervisor and HR manager on four separate occasions.  Doc. 1 at 2 (Compl. ¶ 9).  Defendant didn't investigate or otherwise act to address plaintiff's complaints.  *Id.* (Compl. ¶ 10).  Instead, plaintiff alleges, defendant retaliated against him for lodging his complaints.  *Id.* (Compl. ¶ 11).  Defendant excluded plaintiff from a company safety meeting, humiliated him publicly, and reassigned him to less desirable tasks.  *Id.*  For example, defendant required plaintiff to work on a tank farm and left him alone on a roof with no way to get down safely.  Doc. 1-1 at 2.  Plaintiff reported this situation to his manager and defendant's ethics hotline.  *Id.* at 2–3.

Plaintiff also alleges that defendant harassed him.  Doc. 1 at 2 (Compl. ¶ 11).  This harassment included "verbal threats, intimidation, and sabotage of work responsibilities."  *Id.* He asserts that he "started to be picked on" and that defendant required him to redo work, unnecessarily.  Doc. 1-1 at 3.  Eventually, plaintiff "was forced to look for a new job" and left his position with defendant.  *Id.*

Plaintiff asserts these claims:  Title VII discrimination; Title VII retaliation; intentional infliction of emotional distress (IIED); negligence; and assault, battery, and invasion of privacy. Doc. 1 at 3 (Compl. ¶¶ 20–23).

The substance of the court's work begins with defendant's Motion to Dismiss (Doc. 47).

## II.    Motion to Dismiss

Defendant filed a Motion to Dismiss (Doc. 47).  Plaintiff responded, Doc. 49, and defendant replied, Doc. 51.[3]  The court first outlines the governing legal standard for motions made under Rule 12(b)(6); then it applies that standard to defendant's arguments.

### A.    Legal Standard

Under Rule 12(b)(6), a party may move to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it's "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[3]    Defendant's reply consists of eight pages.  Doc. 51.  That length violates our court's local rule. *See* D. Kan. Rule 7.1(d)(3) (setting page limit at five for replies on a motion to dismiss).  Plaintiff didn't ask the court to strike defendant's filing, and the court declines to do so on its own motion.  But the court notes that it's unimpressed with lawyers who choose to disregard our local rules.  The court reminds defendant:  Local rules aren't suggestions.  They're binding mandates with "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quotation cleaned up).

And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B.    Analysis

The court divides defendant's motion-to-dismiss arguments into two buckets:  procedural and substantive.  Broadly speaking, defendant's procedural arguments assert that the court should dismiss plaintiff's Title VII claims because plaintiff has failed to comply with mandatory procedures.  Defendant's substantive arguments maintain that the court should dismiss plaintiff's claims because he hasn't alleged the elements required for his claims.  The court starts with procedure.

### 1.    EEOC Procedure

Defendant first levies a couple procedural arguments.  It posits that plaintiff's Title VII claims aren't viable because (1) he didn't file this action within 90 days of receiving a right-to-sue letter; and (2) he didn't submit a charge of discrimination to the EEOC within 300 days of some of his allegations.  Doc. 48 at 6–10.  Consider each argument, below.[4]

### a.    Right-to-Sue Letter

Defendant asserts that the court should dismiss plaintiff's Title VII claims because he didn't file suit within 90 days of receiving his right-to-sue letter.  *Id.* at 9–10.  "In relevant part, Title VII requires the EEOC to 'notify the person aggrieved' when it dismisses a charge" of discrimination.  *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017)

---

[4]    Defendant also argues that plaintiff failed to exhaust a constructive-discharge claim.  Doc. 48 at 7–9.  But the court concludes, below, that plaintiff's constructive-discharge claim isn't viable because he hasn't alleged that he suffered a hostile work environment.  Thus, the court needn't consider defendant's procedural argument about plaintiff's constructive-discharge theory.

(quoting 42 U.S.C. § 2000e-5(f)(1)).  "The 'aggrieved person' then has 'ninety days after the giving of such notice' to file a 'civil action . . . against the respondent named in the charge.'"  *Id.* (ellipses in original) (quoting 42 U.S.C. § 2000e-5(f)(1)).  This ninety-day period commences when the claimant receives the letter.  *Jackson v. Continental Cargo-Denv.*, 183 F.3d 1186, 1189 (10th Cir. 1999).  "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent[.]"  *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

Here, the EEOC issued the right-to-sue letter on November 7, 2024.  Doc. 1-2 at 1.  Plaintiff filed his suit 92 days later on February 7, 2025.  Doc. 1.  Plaintiff asserts that his case is timely because he didn't receive the letter until November 27.  Doc. 49 at 2.  But plaintiff never pleaded this assertion.  *See Gad v. Kan. State Univ.*, 787 F.3d 1032, 1042 (10th Cir. 2015) (explaining that plaintiff bears the burden to plead a condition precedent).  All the same, the court declines to dismiss plaintiff's case on this basis.  Federal courts presume that an EEOC letter takes three to seven days to arrive after mailing.  *Lozano v. Ashcroft*, 258 F.3d 1160, 1164–65 (10th Cir. 2001) (collecting cases).  And our Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption."  *Id.* at 1165.  Even if the court adopts the low end of this range and presumes that the letter took three days to reach plaintiff after the EEOC mailed it, plaintiff's filing would comply with the 90-day requirement.  The court thus rejects defendant's argument, which incorrectly posits that the 90-day period started when the EEOC mailed the letter and not when plaintiff received it.

### b.    Timeliness of Charge

Defendant next argues that plaintiff's charge of discrimination wasn't timely for some of his allegations.  Doc. 48 at 6–7.  "In states with a state agency that has authority over employment discrimination claims, including Kansas, employees have up to 300 days to file an

6

EEOC charge if they first file a charge with the state agency." *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1)), *abrogated on other grounds by Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). "A claim not filed within these statutory limits is time barred." *Id.* The "obligation to demonstrate timeliness in filing a charge is a condition precedent to suit[.]" *Montes v. Vail Clinic*, 497 F.3d 1160, 1167 (10th Cir. 2007). It thus is plaintiff's burden to "demonstrate timeliness . . . by properly pleading it." *Gad*, 787 F.3d at 1041 (quotation cleaned up). Still, timely filing of an EEOC charge isn't jurisdictional and "is thus subject to waiver, estoppel, and tolling when equity requires[.]" *Montes*, 497 F.3d at 1167.[5]

Here, plaintiff filed his charge of discrimination on October 1, 2024. Doc. 1-1 at 3. So, plaintiff's charge is timely for allegations for acts occurring on or after December 6, 2023—300 days before he filed his charge. His Complaint alleges that some harassment transpired before this December cutoff date. *See* Doc. 1 at 2 (Compl. ¶ 8) (alleging that harassment began in August 2023).

Trying to avoid dismissal of claims based on these untimely allegations, plaintiff invokes equitable tolling. Doc. 49 at 1. "[E]quitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (quotation cleaned up). Plaintiff explains that he contacted the EEOC in February 2024 but claims that the EEOC wouldn't allow him to file his formal charge until it completed an investigation. Doc. 49 at 1.

---

[5]    Under the continuing violations doctrine, a plaintiff asserting a hostile-work-environment claim can rely on "component acts" of harassment that occurred "outside the statutory time period" in some instances. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). But it's plaintiff's burden— even on a motion to dismiss—to assert this doctrine. *Schell v. Chief Justice & Justices of Okla. Supreme Ct.*, 11 F.4th 1178, 1191 n.6 (10th Cir. 2021). Plaintiff hasn't mentioned this doctrine, so the court declines to consider it.

The problem?  Plaintiff never alleged this fact.  And it was his burden to plead the timely filing of his EEOC charge.  *Gad*, 787 F.3d at 1041.  The court declines to consider tolling allegations that plaintiff didn't plead in his Complaint.  *See Jara v. Standard Parking*, 701 F. App'x 733, 735 n.1 (10th Cir. 2017) (declining to consider on appeal tolling allegations not advanced in operative complaint).  If plaintiff wants the court to consider these purported facts, he will need to seek leave to file an amended complaint including them.

The court thus dismisses plaintiff's claims based on events that happened before December 6, 2023.  This dismissal is without prejudice because plaintiff potentially could amend the complaint to allege facts that might warrant equitable tolling.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that "ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice"); *see also Smith v. Cheyenne Retirement Invs.*, 904 F.3d 1159, 1166 (10th Cir. 2018) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice." (emphasis in original) (quotation cleaned up)).

The court now turns to defendant's substantive arguments.

### 2.    Substance

Defendant moves for dismissal of plaintiff's Title VII discrimination claim, Title VII retaliation claim, and state-law tort claims.  The court considers each argument.

### a.    Title VII Hostile Work Environment

Plaintiff's first claim asserts Title VII discrimination resulting in a hostile work environment.  To succeed on a hostile-work-environment claim, plaintiff must allege facts that establish the following elements:

> (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on race; and (4) due to the harassment's

severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.

*Payan v. United Parcel Serv.*, 905 F.3d 1162, 1170 (10th Cir. 2018) (quotation cleaned up). Defendant's motion takes aim at the fourth element.  Doc. 48 at 11–12.

Our Circuit has emphasized the "high bar" required to recover under a hostile-work-environment claim.  *Iweha v. Kansas*, 121 F.4th 1208, 1223 (10th Cir. 2024).  "'An employer creates a hostile work environment when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Id.* at 1221 (quoting *Hall v. U.S. Dep't of Labor, Admin. Rev. Bd.*, 476 F.3d 847, 851 (10th Cir. 2007)).  When assessing severity and pervasiveness, the court looks "to the totality of the circumstances" and considers "such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Throupe v. Univ. of Denv.*, 988 F.3d 1243, 1252 (10th Cir. 2021) (quotation cleaned up).

The Complaint at issue here fails to allege that plaintiff suffered harassment that was either severe or pervasive.  Recall plaintiff's barebone allegations.  He asserts that he suffered "verbal threats, intimidation, [and] sabotage of work responsibilities."  Doc. 1 at 2 (Compl. ¶ 11). He also accuses Ross of making "inappropriate comments, physical advances, [and] explicit suggestions" to him.  *Id.* (Compl. ¶ 8).  These allegations are largely conclusory ones.  Outside of an incident where Ross assaulted plaintiff, *id.* (Compl. ¶ 15), plaintiff has failed to plead any *facts* about these alleged incidents—such as when, where, and how often they occurred.

9

Plaintiff's unadorned and conclusory accusations are insufficient to state a plausible hostile-work-environment claim.[6]

A review of some of our Circuit's decisions confirms that plaintiff's allegations are woefully insufficient to state a hostile-work-environment claim. *E.g.*, *Brown v. LaFerry's LP Gas Co., Inc.*, 708 F. App'x 518, 522–23 (10th Cir. 2017) (affirming dismissal on motion to dismiss because "silent treatment" from coworkers and three racist comments by supervisor didn't "rise to the level necessary to state a hostile work environment claim under Title VII"); *Iweha*, 121 F.4th at 1223–25 (affirming summary judgment because exclusion from projects, derogatory questions and comments about plaintiff's country of origin and hygiene, and disparaging comments about Martin Luther King, Jr. holiday weren't severe or pervasive); *Morris v. City of Colorado Springs*, 666 F.3d 654, 665–69 (10th Cir. 2012) (affirming summary judgment because doctor flicking plaintiff on the head, throwing bloody heart tissue, and yelling at plaintiff weren't severe or pervasive). Even the most severe of plaintiff's accusations—that Ross made unwanted physical advances on him—aren't sufficient. *See Chytka v. Wright Tree Serv., Inc.*, 925 F. Supp. 2d 1147, 1169 (D. Colo. 2013) (compiling cases and observing that other courts have found that limited instances of sexual advances are insufficient to create a hostile work environment). Plaintiff simply hasn't alleged the sort of "outrageous conduct that may render a work environment hostile[.]" *Iweha*, 121 F.4th at 1223. The court thus dismisses this claim without prejudice. *See Gee*, 627 F.3d at 1186.[7]

---

[6]   Recall also that plaintiff's claims based on events occurring before December 2023 aren't timely. Plaintiff alleges that at least some harassment—including the incident where Ross assaulted him—occurred in August 2023. Doc. 1 at 2 (Compl. ¶ 15). As the court already explained, plaintiff failed to exhaust timely any claim based on events before December 2023. This furnishes an additional basis to dismiss plaintiff's hostile-work-environment claim.

[7]   Plaintiff's Complaint doesn't assert a claim for constructive discharge, at least not explicitly. *See generally* Doc. 1. Still, defendant argues plaintiff hasn't pleaded a plausible constructive-discharge claim.

The court reaches a different result on plaintiff's Title VII retaliation claim, which it takes up next.

### b.      Retaliation

To make out a prima facie case for a Title VII retaliation claim, plaintiff "must show . . . '(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Somoza v. Univ. of Denv.*, 513 F.3d 1206, 1212 (10th Cir. 2008) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006)).  "An employer action is materially adverse if 'it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Culp v. Remington of Montrose Golf Club, LLC*, 133 F.4th 968, 977 (10th Cir. 2025) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).  "[P]etty slights, minor annoyances, and simple lack of good manners" don't qualify as materially adverse employment actions.  *White*, 548 U.S. at 68.  After all, these are the sort of "ordinary tribulations" that "often take place at work and that all employees experience."  *Id.* (quotation cleaned up); *see also Somoza*, 513 F.3d at 1212 ("The Court [in *White*] focused on the term 'materially adverse' in order to separate trivial harms from actionable injuries because Title VII does not establish a general civility code for the American workplace." (quotation cleaned up)).

Defendant argues that plaintiff hasn't alleged that he suffered a materially adverse employment action.  The court disagrees.  Plaintiff has alleged that defendant assigned him to

---

*See* Doc. 48 at 9.  The court agrees.  Because plaintiff has failed to allege that he suffered a hostile work environment, any constructive-discharge claim based on that hostile work environment fails.  *See Montes*, 497 F.3d at 1174 n.19 (explaining that a constructive-discharge claim fails when it is "inexorably linked" to hostile-work-environment claim that isn't viable).  So, to the extent plaintiff's Complaint asserts a constructive-discharge claim, the court dismisses it without prejudice.

11

work on a tank farm and left him stranded on the roof with no way to return to the ground safely. Doc. 1-1 at 2. Placing someone in danger of physical harm might well dissuade a reasonable worker from filing a charge of discrimination. *See White*, 548 U.S. at 70–71 (explaining that reassignment of duties may qualify as a materially adverse employment action). The court thus denies defendant's motion to dismiss plaintiff's retaliation claim based on defendant giving plaintiff an unsafe assignment.[8]

The court otherwise agrees with defendant that plaintiff's other allegations—such as plaintiff faced criticism, humiliation, and exclusion—are insufficient to qualify as materially adverse. These are the sort of "petty slights" that aren't actionable under Title VII. *Id.* at 68; *see also Arthur v. Bloomfield Sch. Dist.*, 157 F. Supp. 3d 1055, 1063 (D.N.M. 2015) ("Exclusion from approximately five meetings is simply not 'materially adverse' enough to qualify as retaliation."). The court thus grants defendant's motion to dismiss plaintiff's retaliation claim to the extent it's based on actions other than his assignment to perform an unsafe job.[9]

---

[8]    Defendant also argues that plaintiff hasn't alleged that the actor who retaliated against him knew about his complaints of discrimination. Doc. 48 at 12–13. The court disagrees. Plaintiff's charge of discrimination asserts that he reported sexual harassment to his supervisor and that it was his supervisor who directed him to work on the unsafe assignment. Doc. 1-1 at 2.

[9]    Defendant insists that the court must dismiss plaintiff's claims because he failed to respond to any of its substantive motion-to-dismiss arguments. Doc. 51 at 4–5. Whether to grant this request is a close call. On one hand, our Circuit has instructed that "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). On the other hand, our Circuit has affirmed the practice of treating claims as abandoned when a plaintiff files a response and defends some claims but not others. *E.g.*, *See C1.G. ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) ("The district court correctly dismissed Plaintiff's facial challenge here because he abandoned it by not addressing it in his response to Defendants' motion to dismiss."); *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *9 (10th Cir. June 26, 2023) (similar).

Here, plaintiff's response falls somewhere in the middle of these lines of cases. Plaintiff filed a response but wholly failed to rebut defendant's substantive motion-to-dismiss arguments—for any of his claims. *See* Doc. 49. This case is thus unlike *C1.G.* or *Brown*, where plaintiff briefed a motion-to-dismiss response for some claims but not others. *See Brown*, 2023 WL 4174064, at *9 (explaining that plaintiff "challenged the dismissal of her breach of contract claim" but "did not address the bad-faith

12

The court now turns to plaintiff's state-law tort claims.

### c.    State-Law Tort Claims[10]

Recall that plaintiff asserts a laundry list of state-law tort claims:  assault and battery, invasion of privacy, IIED, and negligence.  Doc. 1 at 3 (Compl. ¶¶ 22–23).  These claims aren't viable.

Start with assault and battery.  Plaintiff hasn't pleaded a plausible theory for imputing these torts to defendant.  "Under Kansas law an employer is not liable for an employee's tortious act, including assault and battery, unless the employer, impliedly or expressly, authorizes the action, or the action falls within the employee's scope of employment."  *Est. of Glaves v. Mapleton Andover LLC*, 659 F. Supp. 3d 1208, 1220 (D. Kan. 2023) (quotation cleaned up).  Plaintiff hasn't alleged that defendant authorized Ross to throw a box of tissues at plaintiff.  Nor has plaintiff alleged that Ross acted within the scope of his employment when he did so.  So, plaintiff's assault and battery claims must exit.

Plaintiff's claim for invasion of privacy isn't viable either.  Under Kansas law, an invasion-of-privacy claim may take several forms including intrusion upon seclusion; appropriation of another's name or likeness; unreasonable publicity of another's private life; and false light.  *See Werner v. Kliewer*, 710 P.2d 1250, 1255 (Kan. 1985) (citing Restatement (Second) of Torts § 652A (A.L.I. 1977)).  Here, plaintiff hasn't alleged any facts that make any

---

claim at all").  Instead, this situation is closer to *Issa*, where the plaintiff failed to file a response of any kind to a motion to dismiss.  The court thus liberally construes plaintiff's filing and declines to conclude that plaintiff has abandoned all his claims.

[10]    No party discusses choice of law.  "The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim."  *Nordwald v. Brightlink Commc'ns, LLC*, 603 F. Supp. 3d 1030, 1040 (D. Kan. 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Where, as here, "a party fails to make 'a clear showing that another state's law should apply,' Kansas choice of law principles require a court to default to Kansas substantive law."  *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 982 (10th Cir. 2014) (quoting *In re K.M.H.*, 169 P.3d 1025, 1032 (Kan. 2007)). The court thus applies Kansas law.

of these theories plausible.  Nor has plaintiff pleaded any facts for imputing liability for this tort to defendant.  *See Est. of Glaves*, 659 F. Supp. 3d at 1220.  The court thus dismisses it.

Take IIED, next.  To succeed on such a claim, "a plaintiff must present evidence which establishes that the defendant committed intentional or reckless conduct which was so extreme and outrageous as to be regarded as utterly atrocious or intolerable in a civilized society and which caused the plaintiff extreme and severe mental distress."  *Lovitt ex rel. Bahr v. Bd. of Cnty. Comm'rs*, 221 P.3d 107, 114 (Kan. Ct. App. 2009).  Plaintiff hasn't come anywhere close to alleging "extreme and outrageous" conduct to make such a claim viable.  *Id.*  The ridicule and harassment that plaintiff alleges, albeit undesirable, can't satisfy the daunting standard necessary to plead a plausible claim for intentional infliction of emotional distress.  *See Adams v. Goodyear Tire & Rubber*, No. 96–4228–SAC, 2000 WL 1310521, at *9 (D. Kan. Aug. 25, 2000) (explaining that failing to "stop harassment . . . is not sufficiently outrageous" for a successful IIED claim).  And again, to the extent plaintiff bases this claim on Ross's unwanted advances, plaintiff hasn't alleged plausibly that defendant is liable for that conduct.  *See Est. of Glaves*, 659 F. Supp. 3d at 1220.  The court thus dismisses plaintiff's IIED claim.

These dismissals leave plaintiff's negligence claim.  Plaintiff's Complaint asserts that defendant "negligently failed to protect" him "from harassment and physical harm[.]"  Doc. 1 at 3 (Compl. ¶ 23).  Once more, plaintiff hasn't alleged why defendant was responsible for tortious conduct by its employees.  The only physical injury that plaintiff alleges he suffered was from Ross assaulting him on August 19.  But plaintiff didn't complain to defendant until after this conduct.  *See* Doc. 1 at 2 (Compl. ¶¶ 8–9, 15).  So plaintiff hasn't alleged plausibly that defendant's conduct caused Ross to harm plaintiff.  And the court disregards plaintiff's conclusory assertion that Ross assaulted plaintiff "as a result of" defendant's "actions or

14

inaction." *Id.* (Compl. ¶ 15).  This failure dooms plaintiff's negligence claim.  Kansas law prevents a plaintiff from recovering for emotional damages in the absence of physical injury. *Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 978 P.2d 922, 931 (Kan. 1999).  So even if defendant failed to prevent plaintiff from suffering harassment, he can't recover for his emotional damages.  The court thus dismisses plaintiff's negligence claims.

To recap, none of plaintiff's state-law tort claims are viable.  The court dismisses them all without prejudice.  *See Gee*, 627 F.3d at 1186.

### 3.    Motion to Dismiss Conclusion

Just one of plaintiff's claims survives defendant's Motion to Dismiss:  his Title VII retaliation claim.  The court dismisses all other claims.  The court now turns to some of plaintiff's pending motions.

### III.    Plaintiff's Motions

Plaintiff has placed a series of pending motions on the docket.  This Order takes up three of those motions:  Doc. 42, Doc. 52, and Doc. 57.  Among other requests, the motions ask the court to review various rulings made by the magistrate judge in this case—Magistrate Judge Gwynne E. Birzer.  So, before addressing plaintiff's specific requests, the court pauses to outline the governing legal standard for such review.

When reviewing a magistrate judge's order deciding nondispositive, pretrial matters, the district court applies a "'clearly erroneous or contrary to law'" standard of review.  *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under the clearly erroneous prong of this standard, a district judge does not review factual findings de novo; instead, it must affirm a magistrate judge's findings unless a review of the entire evidence leaves the district judge "with the definite and firm conviction that

a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (quotation cleaned up). The

clearly erroneous standard is "significantly deferential." *United States v. Gallegos*, 314 F.3d

456, 462 n.3 (10th Cir. 2002) (quotation cleaned up). The contrary-to-law aspect of this standard

of review permits a district judge to conduct an independent review of purely legal

determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings

Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007). A magistrate judge's order is contrary to law

if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd.

of Cnty. Comm'rs*, No. 09-1316, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011).

The court thus applies the clearly-erroneous-or-contrary-to-law standard to plaintiff's

requests for review of Magistrate Judge Birzer's nondispositive rulings.

### A.    Motion for District Judge Review (Doc. 42)

Plaintiff's Motion for District Judge Review (Doc. 42) asks for three forms of relief: (1)

review Magistrate Judge Birzer's ruling issued on May 30, 2025; (2) rule all pending motions;

and (3) clarify the magistrate judge's jurisdiction. Take these requests sequentially.

Where, as here, a party timely objects to a magistrate judge's ruling, the court conducts a

de novo review. *See* Fed. R. Civ. P. 72(b)(3). But the court limits its review to those portions of

the "magistrate judge's disposition that has been properly objected to." *Id.* Here, plaintiff's

filing isn't altogether clear. *See generally* Doc. 42. But, as the court understands it, plaintiff

takes issue with Magistrate Judge Birzer's decision denying two of his motions as moot. *Id.* at

3–4; Doc. 29. The court overrules this objection.[11]

---

[11]    The court located fictitious citations and quotations in plaintiff's brief. *See* Doc. 42 at 3. For
example, plaintiff attributes a quotation to a case with this citation:  "Clark v. City of Shawnee, Kansas,
No. 21-2223-EFM, 2021 WL 4129476 (D. Kan. Sept. 9, 2021)." *Id.* That Westlaw number—2021 WL
4129476—returns a case from the California Court of Appeals. And the case number, No. 21-2223, is for
a case with different parties than plaintiff represents. The court suspects that plaintiff used artificial
intelligence to produce this citation. Our court's recent standing order authorizes the court to "sua sponte

16

Magistrate Judge Birzer explained that plaintiff's Motion to Compel (Doc. 8) was moot because it asked for rulings that the court already had issued when Magistrate Judge Birzer issued her Order.  Doc. 29.  Her Order also denied plaintiff's Motion to Enforce Service (Doc. 23), which asked the court to—among other things—resend all orders and filings.  Magistrate Judge Birzer explained that, because plaintiff already had access to all these filings through the court's electronic docket, his request was moot.  Doc. 29.  The court discerns no error in Magistrate Judge Birzer's rulings.  Nor are they contrary to law.  *See First Union Mortg.*, 229 F.3d at 995 (identifying standard of review as clearly erroneous or contrary to law).  Where plaintiff already has secured the relief he sought, the court properly denied those requests as moot.  To the extent plaintiff alleges that Magistrate Judge Birzer otherwise erred, he has waived such objections by failing to present it in a clear and specific manner.  *See Adargo v. U.S. Parole Comm'n*, 26 F. App'x 795, 797 (10th Cir. 2001) ("Objections to the magistrate's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute.").

Plaintiff's next request asks the court to rule all pending motions.  Doc. 42 at 3–4.  The court grants this request in part and denies it in part.  This Order rules four of the pending motions in this case.  Plaintiff hasn't explained why he's entitled to an immediate ruling on the other pending motions.  The court has wide discretion to manage its docket, *Clark v. State Farm Mut. Auto Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009), and the court declines to let plaintiff exercise that discretion on its behalf.

Finally, plaintiff asks the court to "[c]larify jurisdictional boundaries" of Magistrate Judge Birzer's authority.  Doc. 42 at 4.  The court declines.  Federal courts don't issue advisory

---

strike any filing that appears to" contain "fabricated or incorrect legal authority."  D. Kan. Standing Order 26-01.  The court cautions plaintiff that he will face sanctions—including possibly "monetary sanctions" or dismissal of this case—if he submits future filings containing "fabricated or incorrect legal authority."  *Id.*

opinions. *United States v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999). Nor do they give legal advice to litigants. *See Kruskal v. Martinez*, 859 F. App'x 336, 338 (10th Cir. 2021) (explaining that the "district court could not give legal advice"). The court thus denies plaintiff's request seeking an explanation about the law governing a federal magistrate judge's authority.

The court thus grants in part plaintiff's Motion for District Judge Review (Doc. 42) to the extent that it asks the court to issue rulings that this Order issues. The court otherwise overrules and denies plaintiff's motion.

### B.      Motion for Default Judgment (Doc. 52)

Plaintiff's Motion for Default Judgment (Doc. 52) also asks for an array of relief. He hasn't shown that he's entitled to any of it.

Plaintiff first asks the court to enter default judgment in his favor. Doc. 52 at 4. Default judgments are justified "only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation cleaned up). That's just not the case here. Defendant has filed a Motion to Dismiss (Doc. 47) and actively litigated this case. Regardless, a default judgment is appropriate only after a clerk's entry of default. *See* Fed. R. Civ. P. 55(a). If "default has not been entered, default judgment may not be granted." *Pitts v. Matevousian*, No. 20-cv-02691-RM-KLM, 2021 WL 22335, at *1 (D. Colo. Jan. 4, 2021). Here, the clerk hasn't entered default, so plaintiff isn't entitled to a default judgment. The court thus denies this request.

Plaintiff next asks the court to strike defendant's "Motion for Extension and all pleadings filed thereafter[.]" Doc. 52 at 4. The court denies this request. Plaintiff is frustrated that Magistrate Judge Birzer granted defendant an extension of time to file a responsive pleading. *See* Doc. 28. Plaintiff asserts that defendant violated our court's local rule by filing its request for additional time just one day before the due date. Doc. 52 at 1–2; *see also* D. Kan. Rule 6.1(a)

18

(requiring parties to file motions for an extension of time at least three days in advance). Fair enough. The court is no more impressed by local-rule violators than plaintiff. But Magistrate Judge Birzer noted this violation, and, exercising her discretion, granted defendant's request all the same. The court sees no error here, nor does it find Magistrate Judge Birzer's ruling contrary to law.

Plaintiff's current objection—filed over a month after Magistrate Judge Birzer issued her ruling—is also untimely. Under Fed. R. Civ. P. 72(b)(2) and D. Kan. Rule 72.1.4(b), a party must object to a magistrate judge's recommended disposition within 14 days after service of a copy. Where, as here, a party fails to timely object, that party waives appellate and district-court review of the magistrate judge's order. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Because plaintiff's objection is untimely, the court holds that he has waived it. The court thus overrules plaintiff's objection to Magistrate Judge Birzer's order that granted an extension of time for defendant to file a responsive pleading.[12]

Plaintiff's next request asks the court to sanction defendant and its counsel "for fraud upon the Court, digital tampering, and procedural abuse[.]" Doc. 52 at 4. Plaintiff lodges various allegations to support this request. For instance, he alleges that defendant lied to the Kansas Department of Labor about how plaintiff's employment ended. *See* Doc. 52 at 2. He also suggests that defendant has tampered with PACER and his email. *Id.* at 1–2. And he

---

[12]    Plaintiff's motion suggests that he lacked notice of Magistrate Judge Birzer's extension because someone tampered with his email. Doc. 52 at 1. Plaintiff hasn't presented any evidence of this incredible allegation. Even if he had, plaintiff has signed up for ECF notifications. And he clearly accessed the docket and filed other motions after Magistrate Judge Birzer's ruling. *E.g.*, Doc. 42. The court thus rejects plaintiff's argument that he lacked notice of Magistrate Judge Birzer's ruling.

believes that defendant has engaged in procedural abuse by requesting an extension of time to file an answer. *Id.* at 3. The court, in its discretion, denies plaintiff's request for sanctions. The court isn't persuaded that defendant has committed fraud on the court, digital tampering, or procedural abuses that warrant sanctions.

Finally, plaintiff asks the court to hold an evidentiary hearing on his allegations and to authorize limited discovery on them. D. Kan. Rule 7.2 gives the court discretion when it comes to conducting a hearing, providing that the court "*may* set any motion for oral argument or hearing"—not that it must. *Id.* (emphasis added). Exercising that discretion, the court denies the first part of this request because the court can decide this motion on the papers. So, an evidentiary hearing is unnecessary and violates Rule 1. *See* Fed. R. Civ. P. 1 (instructing courts that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). And the court denies plaintiff's request for discovery on his digital-tampering allegations because plaintiff hasn't cited any authority suggesting that he's entitled to it. *See* Fed. R. Civ. P. 26(b)(1) (explaining that discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense").

The court thus denies plaintiff's Motion for Default Judgment (Doc. 52) in its entirety.

## C.    Objection (Doc. 57)

Plaintiff's next Objection (Doc. 57) argues that Magistrate Judge Birzer improperly denied some of plaintiff's motions as moot or premature. Doc. 57 at 1. It also asks the court to review Magistrate Judge Birzer's order denying plaintiff's motions for reconsideration. *Id.* And finally, it asks the court to make Magistrate Judge Birzer recuse from this case. *Id.* at 2.

The court overrules plaintiff's objection based on Magistrate Judge Birzer ruling that his Motion to Submit Email Messages (Doc. 33) was moot or premature. Magistrate Judge Birzer

20

explained that, because the court declined to reconsider its order granting defendant an extension of time, plaintiff's request to present additional evidence on that subject was moot. Doc. 56 at 5. And alternatively, Magistrate Judge Birzer explained that if the purpose of plaintiff's motion was to present evidence of digital tampering, his motion was premature because discovery hadn't started. *Id.* Plaintiff has failed to explain why this reasoning is erroneous or contrary to law. He asserts that he suffered prejudice for Magistrate Judge Birzer to deny his motion while he was seeking a default judgment. Doc. 57 at 1. But he never explains this argument. The court thus overrules it.

The court likewise overrules plaintiff's objection that argues that Magistrate Judge Birzer wrongfully denied his motions for reconsideration. Plaintiff asserts that the "Magistrate failed to provide sufficient reasoning for denying these motions and did so without a proper hearing or evidentiary review." *Id.* The court disagrees. Magistrate Judge Birzer offered a fulsome explanation for denying plaintiff's motions for reconsideration. Doc. 56 at 3–5. She explained that plaintiff had failed to satisfy the governing standard because he hadn't produced evidence of a change in controlling law; new evidence; or the need to correct clear error. *Id.* The court thus overrules this aspect of plaintiff's objection. Magistrate Judge Birzer did not err or rule contrary to law. Nor did Magistrate Judge Birzer err by failing to sponsor an evidentiary hearing. Plaintiff hasn't cited any authority that he was entitled to an evidentiary hearing on his motions for reconsideration. Our local rules give the court discretion whether to hold a hearing on a motion. *See* D. Kan. Rule 7.2. The court discerns no error from Magistrate Judge Birzer not holding a hearing on plaintiff's motions for reconsideration. And no law required her to do so. The court thus overrules plaintiff's objection.

Finally, plaintiff asks the court to review Magistrate Judge Birzer's decision declining to recuse from this case. Doc. 57 at 2. Plaintiff asserts that he's forwarded "documented claims of judicial bias, prejudicial statements, and procedural irregularities[.]" *Id.* These allegations, even if true, don't warrant recusal. "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). In other words, a judge typically must recuse only where an extrajudicial source of bias exists. *Id.* Plaintiff hasn't cited any such extrajudicial source of bias. His subjective belief that Magistrate Judge Birzer harbors bias against him is insufficient to warrant recusal. And regardless, plaintiff hasn't identified any error in Magistrate Judge Birzer's recusal decision. He thus has waived review of it. The court overrules plaintiff's Objection (Doc. 57) in its entirety.

## IV.    Conclusion

Plaintiff's Title VII retaliation claim based on defendant assigning him to an unsafe job survives this Order. But the court dismisses the rest of plaintiff's claims. The court thus grants in part and denies in part defendant's Motion to Dismiss (Doc. 47). Plaintiff is entitled to little of the relief he seeks in his motions. The court grants his Motion for District Judge Review (Doc. 42) to the extent it asks for the court to rule the motions that this Order rules. The court otherwise denies and overrules it. The court likewise overrules plaintiff's Objection (Doc. 57) and denies his Motion for Default Judgment (Doc. 52).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Clerk of Court strike plaintiff's Supplemental Complaint (Doc. 11).

**IT IS FURTHER ORDERED THAT** defendant Sherwin-Williams's Motion to Dismiss (Doc. 47) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff Steven M. Ford's Motion for District Judge Review (Doc. 42) is granted in part and denied and overruled in part.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Default Judgment (Doc. 52) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Objection (Doc. 57) is overruled.

**IT IS SO ORDERED.**

**Dated this 31st day of March, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**